In the CIRCUIT COURT of JOHNSON COUNTY, ARKANSAS

Division  4

**FILED**

2019 OCT 10 PM 1:51

Monica King
CIRCUIT CLERK

**Nathaniel Stillwell** and
**Michael Howard,** each individually and
on behalf of all others similarly situated

PLAINTIFFS

v.          Case No. 36CU-19-219

**Bestway Rental, Inc.,**
**John Doe #1,** and
**Liberty Mutual Fire Insurance Company**          DEFENDANTS

## Complaint

Comes now the Plaintiffs, by and through their attorney, Chris W. Burks, and for their Complaint against Defendants states and alleges as follows:

### I.          Residency & Parties

1.          Plaintiff Nathaniel Stillwell was at all relevant times a citizen and resident of Johnson County, Arkansas.

2.          Plaintiff Michael Howard was at all relevant times a citizen and resident of Johnson County, Arkansas.

3.          Separate Defendant Liberty Mutual Fire Insurance Company is a licensed insurance company in good standing in Arkansas with a principal address of 2000 Westwood Drive, Wausau, WI 54401, that insured Separate Defendant Bestway Rental, Inc.

4.          Separate Defendant Bestway Rental, Inc. is a foreign, Texas corporation with a principal address of 7800 Stemmons, Suite 320 Dallas, Texas 75247 that caused or allowed its property to be driven upon Arkansas roads.

<div style="border:1px solid">

**EXHIBIT**

**1**

</div>

5.      Separate Defendant John Doe is named pursuant to Arkansas Rules of Civil Procedure and Arkansas law and this complaint will be amended and relate back to the date of the original filing once his name and identity is further known.

6.      The initial incident giving rise to this cause of action occurred on October 13, 2016, in Johnson County, Arkansas.

## II.      Jurisdiction & Venue

7.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the country where the collision occurred which caused the injury or in the country where the person injured resided at the time of the injury.

## III.      Facts

9.      This is a negligence and third-party bad faith claim which initially arises from a motor vehicle collision that occurred on October 13, 2016.

10.      On October 13, 2016, Separate Defendant John Doe was driving a furniture truck owned by Separate Defendant Bestway Rentals, Inc. and insured by Separate Defendant Liberty Mutual Fire Insurance Company.

11.      On October 13, 2016, Plaintiff Howard was driving a truck in the scope of his employment for Plaintiff Stillwell, and towing an excavator and a trailer owned by Plaintiff Stillwell.

12.     Unexpectedly and without warning, Separate Defendant John Doe's truck came into contact with Plaintiff Howard's truck at a high rate of speed.

13.     Separate Defendant John Doe failed to use his turn signal, failed to look for Plaintiff Howard's truck, and failed to use ordinary prudence and caution when driving on the road.

14.     As a result of the collision, Plaintiff Howard sustained personal injuries, and damages including but not limited to loss of income and medical bills.

15.     As a result of the collision, Plaintiff Stillwell sustained damages, including but not limited to loss of income and property damages.

16.     Plaintiff Stillwell's excavator was a loss and unable to perform as a result of the collision.

17.     Plaintiff Howard was unable to work for some time as a result of the collision.

18.     Separate Defendant Liberty Mutual Fire Insurance Company has failed to pay Plaintiffs for the acts that are insured and damages sustained by Plaintiffs.

19.     Separate Defendant Liberty Mutual Fire Insurance Company has acted dishonestly, oppressively and with an ill will and state of mind as evidenced by their oppressive communications to Plaintiffs.  See the attached correspondence hereby incorporated as Exhibit "A."  Exhibit A.

20.     Because Separate Defendant Liberty Mutual Fire Insurance Company has sent communications to two separate claimants, both Plaintiffs, upon information and believe, Separate Defendant Liberty Mutual Fire Insurance Company has sent other such

oppressive and dishonest communications to other third-parties in Arkansas within the

past three years.

21.     Separate Defendant Liberty Mutual's failure to pay Plaintiffs for the has

proximately caused damages to Plaintiffs as set forth below.

### IV.     Cause of Action No. One- Negligence

22.     Defendants were negligent in the following particulars:

    a.  Driving in such a careless manner as to evidence a failure to keep a
proper lookout for other traffic, in violation of Ark. Code Ann. §. 27-51-
104(a)

    b.  Driving in such a careless manner as to evidence a failure to maintain
proper control, in violation of Ark. Code Ann. § 27-51-104(a).

    c.  Driving in such a careless manner as to evidence a failure to maintain
proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) &
(b)(8);

    d.  Driving in a manner that was inattentive and such inattention was not
reasonable and prudent in maintaining vehicular control, in violation of
Ark. Code Ann. § 27-51-104(b)(8).

    e.  Improperly backing or turning a vehicle on a roadway in violation of Ark.
Code Ann. § 27-51-1309.

    f.  Failing to keep a lookout for other vehicles, in violation of the common
law of Arkansas;

    g.  Failing to keep his vehicle under control, in violation of the common law
of Arkansas;

    h.   Driving too close to another vehicle, in violation of the common law of
Arkansas;

    i.  Otherwise failing to exercise ordinary car under the circumstances

**V.      Cause of Action No. Two-Respondeat Superior Liability & Scope of Use**

23.      Separate Defendant Bestway Rental, Inc. is responsible and vicariously liable for the negligence of its employees/agent/users (Separate Defendant John Doe) under the legal doctrine of *repondeat superior*, and/or principles of agency as adopted in the State of Arkansas.

**VI.      Cause of Action No. 3-Bad Faith & Class Claims**

24.      As set forth above, Plaintiffs have sustained damages as a result of Separate Defendant Liberty Mutual Fire Insurance Company's actions; Separate Defendant Liberty Mutual Fire Insurance Company's acted in bad faith in an attempt to avoid liability under its policy issued to Separate Defendant Bestway Rental, Inc., and that such conduct has proximately caused damage to Plaintiffs.

25.      This affirmative misconduct was dishonest, oppressive, or carried out with a state of mind characterized by ill will.  Rather than deny, close or pay claims for earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future, Separate Defendant Liberty Mutual Fire Insurance Company has an oppressive policy of keeping these claims in limbo to run out the statute of limitations on such claims, thereby profiting at the expense of those owed such claims, and breaching their duty to their insured to pay such claims within the policy limits.

26.      Further, Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this sections.

27.      Plaintiffs, individually and on behalf of all others similarly situated who made similar claims to Separate Defendant Liberty Mutual Fire Insurance Company within

the State of Arkansas, bring this claim for relief for bad faith as a class action pursuant to

Rule 23 of the Arkansas Rules of Civil Procedure.

28.     Plaintiffs proposes to represent the bad faith liability class of individuals

defined as follows:

> **All Arkansas resident who made claims to Separate Defendant Liberty Mutual Fire Insurance Company Within the past yhree years and were paid or denied claims for personal injuries in automobile or business vehicle collisions but neither denied, closed or otherwise paid their earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future in such claims within the policy limits.**

29.     Upon information and belief, there are between 75 and 125 persons in the

proposed class.  Therefore, the proposed class is so numerous that joinder of all members

is impracticable.

30.     Common questions of law and fact relate to all of the proposed liability class

members, such as these:

   a.  Whether Defendant's actions and policy of failing to properly pay such

      claims was unlawful under long-established Arkansas bad faith law; and

   b.  Whether, as a result of Defendant's failure to lawfully pay claims,

      Defendant profited at the expense of its insured and claimants.

31.     The above common questions of law and fact predominate over any

questions affecting only the individual Plaintiff, and a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy.

32.     The class members have no interest in individually controlling the prosecution of separate actions because the policy behind bad faith law is to protect insureds and uphold the certainty and safety that of an insurance contract system provides.

33.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

34.     No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

35.     The claims of Plaintiffs are typical of the claims of the proposed liability class in that Plaintiffs and all others in the proposed liability class will claim that they were not paid nor denied claims for  earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future in claims they made in the past three years.

36.     Plaintiffs and their counsel will fairly and adequately protect the interest of the class.

37.     Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including bad faith cases like this one.

### VII.     Proximate Causation

38.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiffs.

### VIII.     Injuries and Compensatory Damages

39.     Plaintiff Howard sustained personal injuries and damages as a result of the collision.

40.     Plaintiff Stillwell sustained damages as a result of the collision.

41.     Plaintiffs are entitled to the following damages:

a.  the nature, extent, duration and permanency of Plaintiff Howard's injuries;

b.  the full extent of the injuries Plaintiff Howard sustained;

c.  the expense of Plaintiff Howard's medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

d.  any pain, suffering and mental anguish experienced by Plaintiff Howard in the past and reasonably certain to be experienced in the future;

e.  the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future by both Plaintiff Howard and Plaintiff Stillwell;

f.  the visible result of Plaintiff Howard's injuries; and

g.  and property damages both Plaintiffs sustained

## IX.     Demand for Jury Trial

42.     Plaintiffs hereby demand a trial by jury.

## X.     Demand & Prayer

43.     Plaintiffs demand judgment against the Defendant for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

44.     Plaintiff demand judgment against the Defendant for pre-judgment interest

and post judgment interest at the maximum rate allowed by law; for reasonable expenses;

costs; and for all other proper relief to which they may be entitled.

Respectfully submitted,

**NATHANIEL STILLWELL and
MICHAEL HOWARD**

**PLAINTIFFS**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:     */s/ Chris W. Burks*
Chris W. Burks ABN: 2010207
chris@whlawoffices.com

Brandon M. Haubert ABN: 2013137
brandon@whlawoffices.com

### *UNIFORM COVER PAGE*
[To be used when required by Administrative Order No. 2 (g)★]

COURT:     CIRCUIT COURT OF JOHNSON COUNTY

        Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER:              <u>Nathaniel Stillwell et al</u>

DEFENDANT/
RESPONDENT:          <u>v. Bestway Rental, Inc. et al</u>

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):          <u>EXHIBIT A</u>

★Administrative Order No 2.
    (g) *File Mark*. (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.



September 4. 2019

additional time to complete

its investigation.